### Dock Higdon v. The State.

#### No. 2901. Decided February 3, 1904.

**1.—Disclosing Secrets of Grand Jury—Charge of the Court.**

The court's charge applied the rule of law as contained in article 213, Penal Code, to the facts, but did not reiterate the particular matter testified to, further than to tell the jury that, if they believed from the evidence appellant disclosed to S. the matter about which he had been interrogated while before the grand jury, to find him guilty; this was sufficient, and was not on the weight of the testimony.

**2.—Same—Special Charge.**

If appellant desired a further bill of particulars in a charge applying the definition of article 213, Penal Code, to the facts in the case, he should have requested the same by special charge.

**3.—Same—Elements of the Offense.**

Where appellant's defense was that the alleged disclosure was made while he was under the influence of morphine to such an extent that he was not responsible, and the court submitted this issue, it was not necessary to give the requested charge that he must have willfully and intentionally committed the offense, these not being elements of the offense.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction for disclosing the secrets of the grand jury; penalty, a fine of $100.

The indictment charged that defendant appeared as a witness before the grand jury, was duly sworn as a witness and was interrogated concerning a certain matter then and there being investigated by said grand jury, to wit, the matter of disturbing the peace by one Bud Simons shooting a pistol in the town of Rio Vista at a certain time and place, and of unlawfully carrying said pistol then and there by one Bud Simons; and that thereafter defendant did unlawfully divulge by words to John Smith the matter about which he had been interrogated by the grand jury as a witness, to wit, did state to the said John Smith that he (defendant) had been before the said grand jury as a witness and that the said grand jury had asked him (defendant) questions about some shooting in the said town of Rio Vista in said county and State, and that he told the said grand jury that he (defendant) knew of said facts, as he (defendant) had fired the first shot, and that the said matters were then and there divulged by the said defendant at a time when he was not required to testify before a judicial tribunal, against the peace and dignity of the State.

The allegations were substantially proven as set out above, including dates, place and persons as therein stated. The defendant also introduced several witnesses, who testified that defendant when under the influence of morphine was not responsible for his acts, and that on the day upon which he is charged with having divulged said statement he made before the grand jury to said John Smith, he was crazy from the use of morphine, had fallen from his chair and was lying behind the stove, was picked up and put to bed, and remembered nothing next morning, etc.; that when in such condition he could not distinguish between right and wrong. Defendant testified that he was under the influence of morphine at the time he was charged with divulging the secrets of the grand jury and remembered absolutely nothing that occurred.

The opinion states the issues presented.

*Brown & Bledsoe,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—In this connection appellant insists that the court erred in not defining the word willful; as stated, he did not request a written charge defining it. Besides, the court will observe that this offense differs from perjury and false swearing in this respect: the statute does not require that the act should be willfully done.

HENDERSON, JUDGE.—Appellant was indicted under article 213, Penal Code, for disclosing the secrets of the grand jury, was convicted, and his punishment assessed at a fine of $100; hence this appeal.

The court in his charge to the jury defined the offense as constituted under article 213, Penal Code. This was objected to by appellant on several grounds, none of which was well taken. The court in the succeeding paragraph, applied the rule of law as contained in the definition of the offense to the statement of facts. In said charge, however, the court did not reiterate the particular matter testified about further than to tell the jury that if they believed from the evidence appellant disclosed to John Smith the matter about which he had been interrogated while before the jury, to find him guilty. If appellant desired a further bill of particulars in said charge, he could have requested it; or, if the matter about which appellant was interrogated before the grand jury could not have been of a criminal nature, this could have been reached by a charge to acquit. We do not think the charge is obnoxious to the criticism of appellant, or the same was a charge on the weight of the testimony.

Appellant's defense was that at the time of the allleged disclosure he was under the influence of morphine to such an extent that he was not responsible. The court charged on this subject, which it occurs to us

was· adequate; and it was not necessary to give the requested instruction. The requested instruction among other things required the jury to believe that appellant intentionally and willfully committed the offense. These are not elements of the offense under the law, and all that was necessary for the court to tell the jury, as it did, was that if appellant was under the influence of morphine to such an extent as that he was not responsible, that is, he did not know right from wrong, to acquit him on that ground. We have examined the record, and in our opinion the testimony is sufficient to sustain the conviction. The judgment is affirmed. ·

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]